NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 22 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GENARO BAUTISTA-SANTIAGO, AKA Gernaro Bautista-Santiago, AKA Genaro Bautistasantiago, Petitioner, v. JEFFERSON B. SESSIONS III, Attorney General, Respondent. | No.   15-73124 Agency No. A206-547-699 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 15, 2017**

Before:     CANBY, TROTT, and GRABER, Circuit Judges.

Genaro Bautista-Santiago, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

Bautista-Santiago does not challenge the agency's dispositive finding that his asylum application was untimely and that he failed to establish extraordinary circumstances to excuse his untimely filing. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996). Thus, we deny the petition for review as to asylum.

The agency did not err in finding that Bautista-Santiago failed to establish membership in a cognizable social group. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (concluding that "returning Mexicans from the United States" did not constitute a particular social group). Substantial evidence supports the agency's finding that Bautista-Santiago otherwise failed to establish that any harm he fears in Mexico will be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Thus, Bautista-Santiago's

2

withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of Bautista-Santiago's CAT claim because he failed to establish it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Silaya*, 524 F.3d at 1073; *see also Delgado-Ortiz*, 600 F.3d at 1152 ("Petitioners' generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet this standard.").

**PETITION FOR REVIEW DENIED.**